**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

   Plaintiff,

       v.                                     CRIMINAL No. 21-233 (ADC)

[1] KALEL JORELL MARTÍNEZ-BRISTOL,

   Defendant.

**REPORT AND RECOMMENDATION**

Defendant Kalel Jorell Martínez-Bristol has been charged in a two-count indictment with possession of a firearm and ammunition by a convicted felon and possession of a machinegun in violation of Title 18, United States Code, Sections 922(g)(1) and 922(o). ECF No. 1. Pending before the court is the defendant's motion to suppress evidence, the United States of America's response in opposition, and the defendant's reply ECF Nos. 26, 31, 33. The prayer for relief in the defendant's motion is phrased in broad terms, as it "requests this court to suppress the evidence obtained on June 23, 2021…." ECF No. 26. The evidence at issue includes a 9mm caliber Glock pistol with serial number BFZC517 and a machine conversion device, two pistol magazines, 43 rounds of 9mm ammunition, a cellphone, and $525.00 in cash. *Id*. at 2-3.

The defendant's motion to suppress does not explicitly argue that he did not possess the evidence at issue. It does claim, however, among other allegations, that the defendant was never asked if he had a firearm license, that the pistol magazines did not fit in his right-side pants pocket, and that the shirt that the defendant was wearing completely covered his waist and right-side pants pocket. Furthermore, according to the defendant's sworn statement in support of the motion to suppress, "I did not try to flee, but I asked the agents why I was being arrested, and

one of the agents indicated that it was 'because of this' and the officer showed me a weapon." ECF No. 26-1 at 1, ¶6.

Although the defendant unambiguously denies that the weapon was his (ECF No. 26 at 4), it is not clear from the motion to suppress evidence whether the defendant is alleging that he did not possess the evidence seized and that the same was planted by the police. Therefore, the defendant was ordered to clarify whether he is alleging that the evidence seized was planted by the police and that he did not have it in his possession on June 23, 2021.

In compliance with the court's order seeking clarification, the defendant submitted a sworn statement making, *inter alia*, the following assertions regarding the events at issue on June 23, 2021: "I allege that I did have in my possession the cellphone, and cash, but I did not have in my possession the pistol with a machine conversion device, two pistol magazines, and the ammunition." ECF No. 42-1 at ¶3. The defendant also added that "I alleged that the pistol with a machine conversion device, two pistol magazines, ammunition was planted by the agent." *Id.* at ¶4.

As a result of the defendant's clarification, the United States was ordered to inform whether it intends to introduce at trial the cash and the cellphone (and evidence extracted, if any, from the cellphone) seized from the defendant on June 23, 2021. ECF No. 43. In compliance with the court's order, the United States has informed that the government will not introduce at trial the cash and the cellphone seized from the defendant on June 23, 2021. ECF No. 46. The government also informed that it will not seek to introduce at trial any evidence extracted from the cellphone, but it reserved the right to introduce at trial information related to the cellphone but independent of an extraction, such as cell site data recovered from carriers. *Id.* In light of the government's representation that it will not seek to introduce at trial the cash and the cellphone

(nor any evidence extracted from the cellphone) seized from the defendant on June 23, 2021, the request to suppress the cash and the cellphone is moot. Hence, it is unnecessary to hold an evidentiary hearing to address the potential suppression of the cash, the cellphone and its contents.

The focus of the analysis, then, turns to the pistol with a machine conversion device, the two pistol magazines, and the ammunition. "The Fourth Amendment's protection against unreasonable searches and seizures extends only to those places and interests in which the defendant has a reasonable expectation of privacy." *United States v. Lewis*, 40 F.3d 1325, 1333 (1st Cir. 1994) (citations omitted). As a threshold matter, a defendant must establish a reasonable expectation of privacy with respect to the area searched or items seized before the court can reach the merits of a suppression challenge. *See United States v. Lipscomb*, 539 F.3d 32, 35-36 (1st Cir. 2008). Several important factors relevant to a standing determination include: "ownership, possession, and/or control; historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case." *United States v. Sánchez*, 943 F.2d 110, 113 (1st Cir. 1991) (quoting *United States v. Aguirre*, 839 F.2d 854, 856-57 (1st Cir. 1988)). The defendant has the burden of establishing a privacy interest. *United States v. Sierra-Ayala*, Crim. No. 17-063, 2019 WL 3526491, at *2 (D.P.R. Aug. 2, 2019) (citing *United States v. Lochan*, 674 F.2d 960, 965 (1st Cir. 1982)).

Mr. Martínez-Bristol is alleging that the pistol with a machine conversion device, the two pistol magazines, and the ammunition were planted by law enforcement agents on June 23, 2021. In other words, the defendant is not claiming any ownership, possession, use or control of these

items. Therefore, the defendant lacks standing to seek suppression of these items. Whether the pistol with a machine conversion device, the two pistol magazines, and the ammunition were planted by the agents or found in the defendant's possession is a factual dispute that should be resolved at trial. *United States v. Davis*, Crim No. 95-1602, 1996 WL 521202, at *7 (1st Cir. Sept. 16, 1996) (the defendant can try to persuade the jury that law enforcement agents were untruthful about the allegedly incriminating evidence); *see also United States v. Rivera-Guzmán*, 16-644 (ADC), at ECF No. 43, at 7.

The defendant's argument that the seized items were not in plain view is inconsequential if he does not have a privacy interest in the pistol modified to shoot automatically, the magazines and the ammunition. The defendant's argument that "[t]he discovery of the gun, converter, gun magazines and ammunition are tainted by the illegal arrest of Mr. Martínez[-Bristol], in the curtilage of his father's house, without probable cause that should be suppressed as 'fruit of the poisonous tree'" suffers the same fate. ECF No. 42 at 2. If indeed law enforcement agents planted the pistol, the magazines and the ammunition, then said items were not discovered by the agents because they somehow invaded any particular curtilage; instead, these items were in the possession of the agents even before they encountered the defendant on June 23, 2021. As previously stated, however, whether the evidence was planted or instead discovered in the person of the defendant is a controversy to be evaluated by the jury.

One final matter needs to be addressed. The defendant's motion is titled "Motion to Suppress a Statement." ECF No. 26. A defendant has standing to suppress his or her individual statements made after an unlawful arrest. *See Wong Sun v. U.S.*, 371 U.S. 471, 485 (1963) ("'[V]erbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest as the officers' action in the present case is no less the 'fruit' of official illegality than the

more common tangible fruits of the unwarranted intrustion.") (citations omitted). The defendant, however, fails to identify with specificity which statements he is seeking to exclude from trial and the grounds upon which he is seeking to suppress those statements. Accordingly, there is no reason to speculate as to why the motion is bearing such title.

In conclusion, there is no need to hold an evidentiary hearing. The government has informed that it will not introduce at trial the cellphone seized from the defendant and any information extracted from said phone. Furthermore, the government has indicated that it will not seek the admissibility at trial of the cash seized from the defendant. In addition, the defendant has alleged that a law enforcement agent planted the pistol with its conversion device, the magazines, and the ammunition, a defense that he is entitled to present at trial. However, the defendant cannot seek to suppress that which he claims he did not own, possess, use or control on June 23, 2021. As to the statements, the defendant does not identify any particular one that he wants to suppress. Therefore, the defendant's motion to suppress should be DENIED.

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED

In San Juan, Puerto Rico, this 1ST day of February, 2022.

s/Marcos E. López
U.S. Magistrate Judge
